UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| USA | § § | |
| vs. | § § | NO: SA:23-CR-00113(1)-DAE |
| (1) Humberto Ramirez | § | |

ORDER CONTINUING TRIAL DATE
AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

Before the Court is Defendant's unopposed motion to continue the Ellis Deadline and the trial of this case, citing defense counsel's request for additional time to continue plea negotiations. The Government is unopposed to the request for a continuance. For the reasons stated, the Court finds the motion (Dkt no. 69) to be well taken and is GRANTED.

IT IS THEREFORE ORDERED THAT trial of this case, currently set for Monday, May 19, 2025, be and hereby is continued.

The deadline for notifying the court of any **plea agreement** entered into by the parties in this cause is **Thursday, July 03, 2025**. No plea agreement entered into after that date shall be honored by this Court without good cause shown for the delay.

Should a plea agreement be reached and filed in this case absent written objection filed contemporaneously therewith, this case will be referred to a United States Magistrate Judge for the purpose of administering the plea of guilty and the Fed. R. Crim. P. 11 allocution, subject to final approval and the imposition of sentence by the United States District Court.

**Jury selection and trial** are reset for **July 21, 2025 at 09:30 AM** in Courtroom F of the United States Courthouse, 262 W. Nueva Street, San Antonio, Texas. **All pretrial motions, including motions in**

**limine, are due July 08, 2025, responses due July 10, 2025.** <u>No pretrial motions will be accepted by the court after said deadlines, without showing good cause for the delay.</u>

The Court finds that the period between **May 19, 2025,** and **July 21, 2025**, is a reasonable period of necessary delay to allow counsel to negotiate a plea; and/or to review discovery and the record to date, and to prepare for trial. The Court finds that the interest of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial, and further finds that such period shall be excluded from the time within which the defendant must be brought to trial under the Speedy Trial Act pursuant to 18, United States Code, Section 3161(h)(7).

**Pretrial Submissions**

The Court **ORDERS** all parties to serve and file the following information by the close of business **Monday, July 14, 2025**:

(1) A list of questions the party desires the court to ask prospective jurors.

(2) A list of stipulated facts.

(3) An appropriate identification of each exhibit as specified in this rule (except those to be used for impeachment only), separately identifying those that the party expects to offer and those that the party may offer if the need arises.

(4) The name and, if not previously provided, the address and telephone number of each witness (except those to be used for impeachment only), separately identifying those whom the party expects to present and those whom

the party may call if the need arises.

(5) The name of those witnesses whose testimony is expected to be presented by means of a deposition and designation by reference to page and line of the testimony to be offered (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(6) Proposed jury instructions and verdict forms. The parties are **ORDERED** to meet and confer and submit a joint proposed set of jury instructions. Any jury instructions to which both parties do not agree must be submitted separately with appropriate citations to the law supporting those instructions. <u>Joint jury instructions shall be submitted in complete format as they would appear when submitted to the jury</u>. The joint jury instructions shall also be emailed in a Word document to Priscilla Springs Courtroom Deputy at Priscilla_Springs@txwd.uscourts.gov.

(7) An estimate of the probable length of trial.

### Objections to Pretrial Submissions

The Court also **ORDERS** both parties to serve and file the following information by close of business on <u>**Wednesday, July 16, 2025**</u>:

(1) A list disclosing any objections to the use under Rule 32(a) of deposition testimony designated by the other party.

(2) A list disclosing any objection, together with the grounds therefore, that may be made to the admissibility of any exhibits. Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403 shall be deemed waived unless excused by the court for good cause shown.

IT IS SO ORDERED.

DATED: San Antonio, Texas, May 16, 2025.

                                                      DAVID ALAN EZRA
                                                     SENIOR U.S. DISTRICT JUDGE